IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RONALD PATTON #1438891 | § | |
| | § | |
| V. | § | A-14-CA-1083-LY |
| | § | |
| GREG HAMILTON and TRAVIS | § | |
| COUNTY CORRECTIONAL COMPLEX | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas. Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Complex. According to Plaintiff, he is a pretrial detainee awaiting trial in Travis County, Texas. Plaintiff complains he has been denied physical access to the law library and legal research. He claims he needs access to defend himself in criminal court, because he was unable to reach his court appointed counsel by telephone for a period of time. According to Plaintiff, he filed a pro se motion for speedy trial, because he knew his witness would not be able to testify on his behalf after November 17, 2014. Plaintiff contends the motion was denied because the Travis County Correctional Complex denied him access to the law library. Plaintiff sues Sheriff Greg Hamilton and the Travis County Correctional Complex. He seeks a declaratory judgment, injunctive relief, and compensatory and punitive damages.

DISCUSSION AND ANALYSIS

    A.    <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." <u>Farguson v. MBank Houston, N.A.</u>, 808 F.2d 358, 359 (5th Cir. 1986).

    B.    <u>Entities Not Capable of Being Sued</u>

Plaintiff's complaint is frivolous. The Travis County Correctional Complex is not a legal entity capable of being sued. <u>See</u> <u>Guidry v. Jefferson County Detention Center</u>, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding Jefferson County Detention Center is not a legal entity subject to suit); <u>Darby v. Pasadena Police Dep't</u>, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action). Therefore, Plaintiff's claims against the Travis County Correctional Complex should be dismissed.

    C.    <u>Access to Courts</u>

In addition, the United States Supreme Court has decided "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing

of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). The right of access to court applies to pretrial detainees confined in jail. Walker v. Navarro Cnty. Jail, 4 F.3d 410, 413 (5th Cir. 1993). Importantly, a county satisfies the duty with respect to indigent pretrial detainees by appointing attorneys to represent them. Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir. 1996). A county must provide an adequate law library only if it fails to provide adequate assistance from someone trained in the law. Green v. Ferrell, 801 F.2d 765, 772 (5th Cir.1986); Morrow v. Harwell, 768 F.2d 619, 623 (5th Cir. 1985). Moreover, to succeed in a denial of access to court claim, an inmate must show an actual injury. Lewis v. Casey, 518 U.S. 343, 349-51 (1996). He must show the denial frustrated or impeded his pursuit of a non-frivolous claim with arguable legal merit. Id. at 352–53.

In the present case, Travis County satisfied its obligation of providing Plaintiff with access to court by appointing counsel to represent him in his criminal case. Although Plaintiff complains his motion for speedy trial was denied, he does not allege, nor has he shown, the motion was denied due to his lack of access to a law library. In a complaint filed by Plaintiff in Cause No. A-14-CV-1053-LY, Plaintiff admits his motion for speedy trial was filed on October 30, 2014, and was denied because he had not waited 90 days after his arrest before requesting a speedy trial. Accordingly, Plaintiff has not shown the denial of access to a law library frustrated or impeded his pursuit of a non-frivolous claim with arguable legal merit.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of December, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE